UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PAIGE KINNEY,

    Petitioner,

v.                              Case No. 4:20-cv-269-MW/MJF

STRONG,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Petitioner's failure to comply with the court's order. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to comply with two court orders and failure to prosecute.[1]

### I. Background

Petitioner, a prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). On September 28, 2020, the undersigned ordered Petitioner to file a reply if she opposed dismissal of the action based on the grounds set forth in the Respondent's response. (Doc. 14). The

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

undersigned provided Petitioner until October 28, 2020, to comply. (*Id.*). The undersigned warned Petitioner that failure to comply likely would result in dismissal of this action. Petitioner did not comply with the undersigned's order.

On November 17, 2020, the undersigned ordered Petitioner to show cause why this case should not be dismissed for: (1) failure to comply with a court order; and (2) failure to prosecute. (Doc. 15). The undersigned imposed a deadline of December 4, 2020, to comply. The undersigned again warned Petitioner that failure to comply likely would result in dismissal of this case. (*Id.*).

On December 8, 2020,[2] Petitioner filed an untimely motion for extension of time. (Doc. 16). The undersigned granted Petitioner's request for an extension of time and provided Petitioner until March 1, 2021 to file her reply in opposition to Respondent's response. (Doc. 17). As of the date of this report and recommendation, Petitioner has not complied with the undersigned's orders and has not demonstrated good cause for these failures.

## II. Discussion

The undersigned recommends that this action be dismissed in light of Petitioner's failure to comply with two court orders and failure to prosecute.

---

[2] Although the document was not received and docketed until January 12, 2021, it was filed on December 8, 2020, based on the prison mailbox rule.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Petitioner's failure to comply.** On September 28, 2020, the undersigned ordered Petitioner to file a reply. The undersigned imposed a deadline of October 28, 2020, to comply. Thus, Petitioner has failed to comply with that order since October 28, 2020.

**(2) Petitioner's failure to comply with two court orders.** Petitioner has failed to comply with two court orders:

    a.    the order issued on September 28, 2020; and

    b.    the order issued on January 12, 2021.

**(3) Petitioner received notice that failure to act likely would result in dismissal.** The undersigned warned Petitioner two times that failure to comply with the respective orders likely would result in dismissal. (Docs. 14, 17). Despite these warnings, Petitioner has not complied with the undersigned's orders.

**(4) Petitioner is unlikely to suffer substantial prejudice.** Because the undersigned is recommending dismissal without prejudice, should the District Court accept that recommendation, Petitioner could refile her claim should she choose to pursue it in the future. Thus, dismissal without prejudice likely would not result in substantial prejudice to her.

**(5) The proper balance between alleviating court calendar congestion and protecting Petitioner's right to due process and a fair chance to be heard.** Petitioner has been afforded an opportunity to be heard and has received due process

consistent with the primary stage of his civil action. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Petitioner may have in this case remaining pending and inactive.

**(6) The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Based on Petitioner's prior conduct, it is likely that Petitioner would ignore future orders directing Petitioner to comply. Dismissal without prejudice is an appropriate sanction to address the important objectives and interest of justice discussed above.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Petitioner's failure to prosecute and failure to comply with two court orders.
2. The clerk of the court be directed to close the case file.

At Pensacola, Florida, this <u>11th</u> day of March, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**